In the Matter of the Arbitration of the E. RICHARD MEINIG COMPANY, Respondent, and KATAKURA & Co., LTD., Appellant.

First Department, June 21, 1934.

H. F. R. Mulligan of counsel [Douglas, Mulligan & McNamee, attorneys], for the appellant.

Henry Fluegelman of counsel [David Klein and Solomon Jacobson with him on the brief; Henry Fluegelman, attorney], for the respondent.

GLENNON, J. This is an appeal from an order entered at Special Term granting a motion made by the respondent to vacate and set aside an award made by a board of arbitrators, which had been selected pursuant to the rules of the Silk Association of America.

The award was made in writing, and signed by two of the arbitrators on July 31, 1933.

The parties to this controversy are dealers in silk. Between July 13, 1932, and December 28th the same year, Katakura & Co., Ltd., as seller, and the E. Richard Meinig Company, as buyer, entered into four contracts for the sale of raw silk to be accepted and paid for by the buyer. Each of the contracts contained the following clause: " Every dispute, of whatever character, arising out of this contract must be settled by arbitration in New York to be conducted in the manner provided by the by-laws, rules and regulations of the Silk Association of America, Inc., governing arbitration."

A dispute arose. The E. Richard Meinig Company designated Edward E. Bechtel, and Katakura & Co., Ltd., named William O. Straehler. After several names were rejected the third arbitrator, E. C. Rossmassler, was suggested by Bechtel and approved by Straehler. These gentlemen were official representatives of the Silk Association of America. It appears that men of the highest standing in the trade are designated as members of the arbitrators' panel, and are bound by the association's rule that no communication, oral or written, regarding the merits of a case, shall pass between the parties and the arbitrators outside of the official meeting. It is not claimed by the respondent that this rule was violated.

The award in favor of appellant was signed by Rossmassler and Straehler. The court at Special Term vacated · the award and remitted the matter to new arbitrators on the theory that Rossmassler, the third arbitrator, was an officer of a corporation which was under definite obligations to Katakura & Co., Ltd., and that this relationship was not disclosed to the respondent. There was no basis in fact for the finding.

Rossmassler was an officer of the Sanquoit Silk Manufacturing Company, which at times purchased raw silk from the Katakura company. However, the latter is engaged in selling raw silk to practically all local silk houses which deal in that commodity  It is idle to urge that, simply because of his connections with a corporation which occasionally purchased raw silk from the appellant, he was thereby disqualified from acting as an impartial member of the board of arbitrators. If we were to give heed to the contentions of every unsuccessful litigant, based upon the flimsy ground assigned here, it would be well nigh impossible to carry out that part of the contract pertaining to arbitration, which is usually found in agreements entered into by silk merchants.

The court at Special Term cited *Matter of Friedman* (215 App. Div. 130) as authority for its ruling. There one of the arbitrators,

during the pendency of the proceeding, sought and received a personal loan without security in the sum of $5,000 from one of the parties. Mr. Justice MERRELL, writing for this court, said in part: " Common honesty of purpose on the part of the arbitrator * * * should have prompted him, immediately upon receiving favor at the hands of one of the interested parties, to withdraw from further participation in the arbitration proceedings." Here, Mr. Rossmassler was not guilty of any misconduct. This record would seem to show that he was fair and impartial.

While we are not concerned on this appeal with the merits of the controversy, nevertheless, we feel it is only fair to say that an examination of the exhibits and other proofs indicates quite clearly that a proper disposition of the question involved was made by the majority of the members of the board of arbitrators.

For the reasons assigned, the order appealed from should be reversed, with twenty dollars costs and disbursements, and the award of the arbitrators reinstated.

FINCH, P. J., MERRELL, TOWNLEY and UNTERMYER, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and the award of the arbitrators reinstated.