THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* PETER DeRose, Plaintiff in Error.

*Opinion filed February 15, 1935—Rehearing denied April 3, 1935.*

EDWARD PREE, for plaintiff in error.

OTTO KERNER, Attorney General, A. H. GREENING, State's Attorney, J. J. NEIGER, and THOMAS W. HOOPES, for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

Plaintiff in error, Peter DeRose, was indicted in the circuit court of Sangamon county at its March, 1934, term, together with Russel Tayar. The indictment consisted of six counts, predicated upon section 16 of the Criminal Code of 1874 as amended in 1929. (Cahill's Stat. 1933, chap. 38, par. 28.) The first count charged the defendants with maliciously and feloniously setting fire to a certain office and store building at 104 South Sixth street, in the city of Springfield, Illinois, the property of William H. Conway. The second count charged Tayar with willfully,

maliciously and feloniously setting fire to the same building, being aided and abetted by DeRose. The other counts were similar, and their slight differences are not material to the decision of this case. Before the case was called for trial Tayar entered a plea of guilty and filed his application to be admitted to probation. Thereafter he became a witness for the People during the pendency of this application. DeRose pleaded not guilty, and upon a trial before a jury was found guilty as charged in the indictment. His motions for a new trial and in arrest of judgment were overruled, he was sentenced to the Southern Illinois Penitentiary at Menard and prosecutes this writ of error to review the judgment.

It is urged for reversal on behalf of plaintiff in error, DeRose, that a fair and impartial consideration of the evidence and lack of evidence gives rise to a reasonable doubt of his guilt; that the trial court erred in overruling his motions for a directed verdict at the close of the evidence for the People and also at the close of all of the evidence, upon the ground that there was a fatal variance between the allegations in the indictment and the evidence produced at the trial; that the court admitted improper evidence, and that the conviction should not be allowed to stand because of its being based in part, and, as it is claimed, chiefly, upon the testimony of an accomplice.

The contention that the court admitted improper and prejudicial testimony is not supported by any argument and no ruling in that respect is pointed out. That contention will therefore not be considered.

Upon the trial W. H. Conway testified for the People that he was the owner of the building as charged in the indictment; that the first floor was occupied by a shoe store, the second by a law office, and that he himself maintained an architectural office on the third floor. He further testified that the two upper floors were accessible to Sixth street by stairs, and that there was no direct passage-

way from the first floor to the second and third floors; that the first floor was known as 104 South Sixth street, and the second and third floors, respectively, as 104½ and 104⅓ South Sixth street. He further testified that there had been a fire on the premises on the evening of March 29, 1934, the date alleged in the indictment.

The accomplice, Russel Tayar, testified that he had known the plaintiff in error, DeRose, for about a year and a half; that shortly before the fire DeRose asked him if he would like to make some "easy money," and promised him $75 to be earned by setting fire to a building which DeRose was to designate, to which proposition Tayar agreed. He said that plans for the commission of this crime were made in DeRose's room in a hotel in Springfield. He further testified that pursuant to this plan he took a suit-case belonging to DeRose, bought six one-gallon cans at a tire shop and took them to DeRose's room, to which he had a key; that he and DeRose purchased some gasoline at a near by station, and in DeRose's room he and DeRose cut open some shot-gun shells and took the powder out of them; that they made a fuse out of some cotton rope; that thereafter he took the suit-case (which was produced and introduced in evidence) and went to the building in question, poured out the gasoline and lit the fuse with a cigarette. This caused an explosion, which burned his face and so frightened him that he fled to the court house yard. He was afterward arrested and pleaded guilty as above set forth. On cross-examination he testified that he had entered a plea of guilty a week previous to the trial, and that while he had petitioned for probation he had no special hope of leniency because of testifying.

Hazel F. Harrigan testified that she was the proprietress of the hotel where DeRose lived, and that on the day of the fire she had had a conversation with him with reference to his having a man in his room; that Tayar was the man who really came to the room, and that she had seen

the suit-case which had been introduced in evidence in DeRose's room on several different occasions. Alberta O'Flaherty, a maid at the hotel, testified to substantially the same effect.

Detective Horace Palmer, of the Springfield police, testified that he knew both Tayar and DeRose but did not see DeRose on the night in question. He further testified that while he was passing 104 South Sixth street, shortly before 8:00 o'clock, he saw Tayar standing there with a suit-case; that he asked him if the contents of the case were such that it would stand much of a kick, and that thereupon Tayar picked it up and went down the street. His testimony was that the suit-case appeared similar to the one introduced in evidence but that he could not be positive that it was the identical one. His further testimony was that he learned of the fire at the premises later in the evening, and being told by by-standers that a man had run away whose description fitted Tayar, he arrested Tayar some forty-five minutes later.

Charles Walker, another police officer, testified that he saw DeRose during the evening in question in front of a cigar store near the premises. W. C. Jessberg, chief of detectives, testified that the suit-case offered in evidence had been continuously in his custody since the fire.

This was substantially all of the direct testimony for the People.

Peter DeRose in his own behalf testified that he was twenty-eight years old, a resident of Springfield, and that he had been acquainted with Tayar about seven months through playing poker with him. He denied that he asked Tayar to commit the crime in question or promised him any money, and denied that the suit-case offered in evidence was his. He admitted giving Tayar a key to his hotel room, but stated that it was for the purpose of permitting the latter to take a girl there, which he had allowed him to do on several previous occasions.

In rebuttal the People called E. L. Crane, clerk of the circuit court of Sangamon county, and by him proved the record of an indictment in the case of People *vs.* Loren Whitehurst and Peter DeRose, from which it appeared that DeRose had in that case pleaded guilty to burglary and been sentenced to the State Reformatory at Pontiac.

Upon plaintiff in error's first contention, that the evidence is so unsatisfactory as to leave a reasonable doubt of his guilt, it is strenuously urged, and many authorities are cited to the effect, that his conviction is necessarily based upon the testimony of an admitted accomplice and that such testimony must be received and acted upon with the utmost caution. The rule is so well established that the testimony of an accomplice will be received and acted upon with caution as to not need those extensive citations of authority and quotations from reported cases found in plaintiff in error's brief. It is equally well established, and likewise binding upon us, that a conviction will be sustained, even on the uncorroborated testimony of an accomplice, if the evidence as a whole is sufficient to prove the guilt of a defendant beyond a reasonable doubt. (*People* v. *Bugg,* 345 Ill. 210; *People* v. *Gordon,* 344 id. 422; *People* v. *Looney,* 324 id. 375.) In this case the testimony of the accomplice is corroborated by at least three other witnesses in many of its important particulars, and in some respects is even corroborated by the testimony of plaintiff in error himself. The facts before us do not bring the case within any cases such as *People* v. *Alward,* 354 Ill. 357, relied on by plaintiff in error.

The contention of plaintiff in error as to a variance is equally without merit. The owner of the building testified that the fire took place in Sangamon county, State of Illinois, at 104 South Sixth street, in the exact words of the indictment. It is true that upon cross-examination he stated that the second floor was known as 104½ and the third floor as 104⅓. The fire appears to have been set

upon the second floor, but as the number "104½" was nothing more than an arbitrary designation of the second floor of the building at 104 South Sixth street it could not constitute a variance. Furthermore, the record does not disclose any objection to this evidence being admitted upon the ground of variance, and the previous testimony of the witness as to the location of the fire remained in the record. For either or both of these reasons the trial court was correct in its ruling upon this point.

The record shows that the jury was fully and properly instructed as to the law, and there is no error assigned or complaint made on this point. We are satisfied that plaintiff in error has been accorded a fair trial, free from harmful or prejudicial error, and that the evidence sufficiently corroborates the testimony of the accomplice to justify the verdict of the jury.

The judgment of the circuit court of Sangamon county will be affirmed.

*Judgment affirmed.*