(No. 22844.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* HARRY ABELSKY, Plaintiff in Error.

*Opinion filed February 21, 1935.*

JOHN J. MURPHY, LEONARD C. ROWE, and JAMES C. RENZINO, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and J. J. NEIGER, (EDWARD E. WILSON, and HENRY E. SEYFARTH, of counsel,) for the People.

Mr. CHIEF JUSTICE JONES delivered the opinion of the court:

Harry Abelsky, Barney Gold, Edward Cegelarski and Frank Schaeffer were indicted in the criminal court of Cook county for the robbery of Carl Eckel while armed with a pistol. Upon a jury trial Abelsky was found guilty and sentenced to the penitentiary. He has prosecuted a writ of error for a review of the record.

On November 17, 1931, Carl Eckel was engaged in the business of manufacturing sausage at 1714 West Division street, in the city of Chicago. About 6:45 P. M. on that day three men entered his place of business. One of them was armed with a shot-gun and the other two with pistols. He testified that they entered a rear room from a door opening on the alley and took $533 from the safe in the front room. Eckel identified defendant as one of the men engaged in the robbery, and testified they had handkerchiefs over their faces and were in his place of business from three to five minutes. Two of the men kept the witness and two employees in the back room during the robbery.

Olga Eckel, wife of the proprietor, and Carl Eckel, Jr., their son, testified that defendant was armed with a gun; that he ordered Carl Eckel, Jr., to open the safe, and that when it was opened defendant took the money out. They testified that he had a handkerchief in front of his face and pulled it down when some dogs in the room got after him and did not thereafter replace it.

Frederick MacWeiss, an employee of Eckel, testified that defendant had a handkerchief over his face and that it fell down. The witness positively identified Abelsky as the man who ordered the safe to be opened and who took the money out of it.

Joseph Goldberg, a captain of police, was called as a witness for the prosecution. He testified that he knew de-

fendant and had occasion to arrest him. He was asked, "When did you arrest him?" and replied, "Sunday morning, November 8, 1931." Defendant moved to withdraw a juror on the ground that the testimony was prejudicial, as showing an arrest prior to the date of the crime charged for another and different offense. The court denied the motion, struck the testimony of the witness and instructed the jury to disregard it. At the close of the People's testimony the motion to withdraw a juror was renewed and denied. A motion for a directed verdict was likewise denied.

Mildred Abelsky, defendant's sister, and Dora Abelsky, his mother, testified that they were at his house on the evening of the robbery. They testified that they arrived there about 7:45 or 8:00 o'clock on the evening of the robbery and that defendant was in bed.

In further support of the defense of alibi, Conrad J. Graffe testified that he was in the furniture-and-factory-mover's business; that he was at defendant's home at the date of the robbery from 4:30 P. M. until 7:30 or 8:00 o'clock that evening; that defendant's wife was there; that defendant did not leave the premises during that time; that he heard of defendant through Edward O'Malley, one of his chauffeurs; that defendant did some work on one of his trucks; that he went to defendant's home for the purpose of giving him more work, and that he had never seen Abelsky before that time.

Defendant testified that he was a machinist, engaged in auto repair. He denied that he participated in the robbery and testified that he was at home with his wife at the time it occurred; that Graffe came there about 4:00 o'clock and left about 7:30; that he had previously done work for Graffe's chauffeur, O'Malley, and Graffe came over to ask him to work for him; that he had never been there before, and that he had never seen Eckel or any of the witnesses for the prosecution until they testified in court the previous winter.

Edward O'Malley, a witness in rebuttal, testified that he had worked as a chauffeur for Graffe, on and off, for about two years; that he did not remember ever giving defendant's name or address to Graffe; that he did not know defendant and had never told Graffe to go to him to get work done.

Defendant was not prejudiced by the answer of the police officer as to the date of arrest. The officer was not asked why defendant was arrested, and no offense other than the one laid in the indictment was mentioned. The court struck the answer and instructed the jury to disregard it. We are unable to perceive how any substantial right of defendant was affected.

It is claimed that the People's identification of defendant was insufficient, and that the evidence relating to alibi, when considered in connection with all the other evidence, was amply sufficient to raise a reasonable doubt of defendant's guilt. The law has committed to the jury the determination of the credibility of the witnesses and of the weight of their testimony. Where there is sufficient evidence to convict, and it cannot be said that the verdict is manifestly against the weight of the evidence, this court will not substitute its judgment for that of the jury and reverse a conviction merely because the evidence is conflicting. The verdict in this case is not manifestly against the weight of the evidence. On the contrary, the evidence as a whole is sufficient to warrant the verdict, and the court will not substitute its judgment for that of the jury. (*People* v. *Coniglio,* 353 Ill. 643.) Moreover, no motion for a new trial appears in the bill of exceptions, and defendant is in no position to raise any question as to the weight of the evidence. *People* v. *Buckman,* 357 Ill. 407; *People* v. *Reese,* 355 id. 562.

The judgment of the criminal court of Cook county is affirmed.

*Judgment affirmed.*