(No. 23461.—

The People of the State of Illinois, Defendant in Error, *vs.* Sam Cohen, Plaintiff in Error.

*Opinion filed April 24, 1936.*

Emmet F. Byrne, (Clyde C. Fisher, of counsel,) for plaintiff in error.

Otto Kerner, Attorney General, Thomas J. Courtney, State's Attorney, and A. B. Dennis, (Edward E. Wilson, Richard H. Devine, and John T. Gallagher, of counsel,) for the People.

Mr. Chief Justice Stone delivered the opinion of the court:

Plaintiff in error was convicted in the criminal court of Cook county of burglarizing the factory of the Aluminum Products Company, a corporation, located in Lemont, Illinois, taking therefrom 1350 pounds of aluminum of the value of thirty cents per pound. The cause was tried be-

fore the court without a jury. Cohen has sued out this writ of error.

One William J. Kowalski was co-defendant under the indictment. On the trial counsel for the People advised the court that Kowalski would plead guilty and the People would recommend probation for him. Thereafter Kowalski testified, in substance, as follows: On January 5, 1935, Samuel Cohen, plaintiff in error, came to the witness' place and asked him if he had any junk. Witness sold him 325 pounds of aluminum which he, Kowalski, had stolen from the Aluminum Products Company, receiving therefor the sum of $19.25. Witness later entered into an agreement with Cohen to burglarize the factory of the Aluminum Products Company, and in the evening of January 16, 1935, they went to the factory, where Cohen kept watch while witness entered through a window and unlocked the door. At Cohen's direction witness went out to the road and called two men whom he had seen on a truck with plaintiff in error about an hour earlier, and witness, with the two men, went into the factory, filled a number of bags with aluminum and took them out. Cohen carried the bags from the factory platform to the road, where the truck was to pick them up, and when the aluminum was taken out Cohen paid the witness $31 and a month later paid him $15. This witness also testified that he knew that an agreement had been made with him that he was to testify against Cohen and would be recommended for probation.

Evalon Kowalski, wife of William, testified that she was present on January 5 when Cohen bought aluminum from her husband and saw money pass between them; that she saw Cohen at their home several times after January 5, and that he came to their house in a red truck on which a name was painted, a part of which she remembered as "Sam."

James A. Lynch, superintendent of the Aluminum Products Company, testified that he talked with Kowalski on

June 10, 1935, the day on which the latter was arrested; that Kowalski was released on bail with the consent of the State's attorney, with Peter Kane, chief of police of Lemont, as surety, and that on July 3 following, Cohen was arrested in Lemont and taken to the police station. Lynch also testified that during a conversation with Cohen, in the presence of Kane and Kowalski, Cohen was told that he was charged with receiving or stealing stuff from the Aluminum Products Company; that Cohen said to Kowalski, "Did I go into the factory?" and that Kowalski replied, "No, you were on the platform, but you carried it across the road." This witness also testified that when arrested Cohen was sitting in a truck with the name "Sam Cohen" painted thereon. This truck tallies with the description which Evalon Kowalski gave of the truck plaintiff in error was driving when he came to their home. Kane corroborated Lynch's testimony and admitted that he signed Kowalski's bond.

Cohen testified and denied that he had anything to do with the stealing of the aluminum or burglarizing the factory; that he had never seen Kowalski before July 3, when he was arrested. He testified that Kowalski was not present at the police station during the conversation with Lynch and officer Kane. He denied ever having given Kowalski any money or having purchased anything from him. Testimony of the good character of Cohen was submitted.

Plaintiff in error's counsel argue three assignments of error: (1) That he was denied a fair trial; (2) that the testimony of Kowalski and his wife is unworthy of belief; and (3) that there was a reasonable doubt of his guilt and his motion for a finding of not guilty should have been allowed.

There is no merit to counsel's first contention. Nowhere in the bill of exceptions does it appear that any objection was made by Cohen's counsel to any of the proceedings or testimony complained of. A judgment of con-

viction in a criminal case cannot be reversed where no objection is found in the record to the action of the trial court of which complaint is here made. *People* v. *Ellsworth,* 261 Ill. 275.

Concerning the credibility of the testimony of Kowalski and his wife, counsel base their argument on the fact that Kowalski admitted the theft of aluminum which he testified he sold to Cohen, and that Evalon Kowalski testified that there was stolen aluminum in the kitchen of their home some time prior to January 5, 1935, when Kowalski testified he first sold aluminum to Cohen. They also argue that Kowalski was apparently trying to shield others and for that reason implicated Cohen. Complaint is also made that Kowalski was not treated as one charged with crime, and that the fact that the chief of police of Lemont went on his bond showed that he was an object of the latter's friendly solicitude.

The rule is, that a conviction will be sustained upon the uncorroborated testimony of an accomplice if the evidence as a whole is sufficient to prove the guilt of the accused beyond a reasonable doubt. (*People* v. *DeRose,* 359 Ill. 512; *People* v. *Bugg,* 345 id. 210; *People* v. *Gordon,* 344 id. 422.) In this case the conviction does not rest, alone, on the testimony of Kowalski and his wife. There is, in addition, the conversation had between Lynch and Cohen in the presence of the chief of police and Kowalski. That conversation and statements made by Cohen constitute an admission on his part of facts strongly tending to show him guilty of the charge made. The case was tried before the court without a jury. The law has committed to the court hearing the evidence the determination, in the first instance, of the credibility of the witnesses and the weight of their testimony. Where there is sufficient evidence to convict, this court will not substitute its judgment as to the weight of testimony for that of the trial court. *People* v. *Abelsky,* 359 Ill. 387.

On a review of the whole record we are of the opinion that the evidence justifies the finding of the trial court. This view of the record largely answers plaintiff in error's last contention, that there is reasonable doubt of his guilt. His counsel say, however, that outside the testimony of Kowalski and his wife there is no testimony in the record justifying conviction; that it is not reasonable that one intent on crime would drive a truck with his name painted on it, and, furthermore, there is no evidence showing that anyone in Lemont saw Cohen's truck prior to the day of his arrest except Kowalski and his wife. This argument overlooks the corroborating testimony of Lynch and the chief of police, hereinbefore referred to.

There is nothing in this record justifying a reversal of the judgment of conviction, and that judgment is affirmed.

*Judgment affirmed.*