BEAVER CONCRETE BREAKING Co., INC., Respondent, *v.* NADAL BAXENDALE INC. et al., Appellants.

*Per Curiam.* Defendants, general contractors, entered into three contracts with plaintiff, a subcontractor. All three contracts were made subject to the General Conditions of the American Institute of Architects. The Standard Form of Arbitration Procedure, incorporated by the General Conditions of the American Institute of Architects, provides:

" 1. *Institution of Proceedings.*

" A party intending to arbitrate any dispute, claim or question subject to arbitration under any of the Standard Documents of The American Institute of Architects shall make a demand therefor in writing upon the other party, which demand shall state accurately and concisely the matter in controversy and shall designate whether the arbitration shall be administered in accordance with the Standard Form of Arbitration Procedure of The American Institute of Architects or with the Rules of the American Arbitration Association. In either case, if the initiating party desires the arbitration to be administered by the American Arbitration Association, he shall mail a copy of the demand for arbitration to the Association at the same time he mails it to the other parties."

A dispute, clearly arbitrable under the contracts between the parties, arose, and the plaintiff requested arbitration. Defendants refused, stating: " There is nothing to arbitrate. The matter is closed." But while plaintiff continued to demand arbitration both orally and in writing, at no time did it attempt to pursue the arbitration procedure. Instead, it brought an action at law.

Where parties have provided for a definite procedure for initiation of arbitration proceedings, it is, generally speaking, incumbent on the party claiming the right to arbitration to follow such procedure. (*Matter of Oltarsh* v. *Classic Dresses,* 255 App. Div. 532.) Where he has failed to do so, he does not establish waiver because of the refusal of the opposing party to proceed to

arbitration, except in the clearest kind of case, in which the facts demonstrate the complete futility of following the stipulated procedure. No such showing is made in the record now before us.

The order is reversed, with $20 costs and disbursements to appellants, and plaintiff's action stayed until arbitration shall have been had in accordance with the agreements between the parties.

COHN, J. (dissenting). I dissent and vote to affirm. By express words and by conduct defendants waived whatever rights they originally may have had to arbitrate the issues. Defendants pursued a course which led them away from the right to arbitrate and to its abandonment (*Matter of Young* v. *Crescent Development Co.*, 240 N. Y. 244, 250).

Glennon, J. P., Callahan, Shientag and Heffernan, JJ., concur in *Per Curiam* opinion; Cohn, J., dissents and votes to affirm, in opinion.

Order reversed, with $20 costs and disbursements to the appellants, and plaintiff's action stayed until arbitration shall have been had in accordance with the agreements between the parties.