**In the Matter of the Arbitration between—**
**ILIOS SHIPPING AND TRADING CORP., S. A., Petitioner,**
**and**
**AMERICAN ANTHRACITE & BITUMINOUS COAL CORP., Respondent.**

United States District Court
S. D. New York.
Feb. 8, 1957.

Cardillo & Smith, New York City, for petitioner, Joseph Cardillo, Jr., New York City, of counsel.

Hays, St. John, Abramson & Heilbron, New York City, for respondent, Osmond K. Fraenkel, Harold Epstein, New York City, of counsel.

DAWSON, District Judge.

This is a petition pursuant to § 9 of the United States Arbitration Act, 9 U.S.C. § 9, for an order affirming the award of the majority of the arbitrators rendered in a certain arbitration proceeding between the parties hereto.

The papers show that a dispute arose between the parties over a certain written contract, supplemented by thirty-six charter parties, for the delivery of thirty-six vessels to be named, for the carriage of coal. The controversy was submitted to arbitration with both parties participating therein. The owners apparently had performed the first four of the thirty-six voyages but because of delays in the making of freight payments for such four voyages the owners notified the charterers of the cancellation of the contract and of the remaining charters and refused to provide further vessels. The charterers demanded arbitration. Arbitrators were appointed and agreed to by both parties. Hearings were held at which both sides were represented by counsel. The arbitrators, by a two to one vote, rendered a decision and award finding that because of consistently late payment of freight the owners were justified in cancelling the remaining charter parties.

The decision of the arbitrators was rendered on November 1, 1956. This motion is one by the petitioner, the successful party in the arbitration, for an order affirming the award. The respondent, the losing party in the arbitration, has made a motion in the State court, which has not yet been argued, to vacate the award. It urges the same grounds in this Court in opposition to this motion to affirm the award.

The petition before this Court raises the following questions:

■■ (1) *Does this Court have jurisdiction of the petition, and if so,* *should it proceed before the State court has decided the motion pending before it.* The agreement in the charter parties to settle controversies by arbitration was an agreement in a maritime transaction within the meaning of Sections 1 and 2 of Title 9, U.S.C. Under this Act an application may be made to the United States District Court in and for the district where the award was made for an order affirming the award, inasmuch as no other court was specified in the agreement. 9 U.S.C. § 9. The papers submitted show that the award was made in the Borough of Manhattan which is in the jurisdiction of this Court. This Court therefore has jurisdiction to hear and determine the petition to affirm the award and on this motion the Court will necessarily have to consider the objections to the award which have been presented to the Court and which are the same which are to be presented to the State court on the motion there pending to vacate the award. This should not result in any conflict with the State court since it may be assumed that the State court will recognize the priority of this application and that it is appropriate that the determination of the issues be made by a court having jurisdiction under the federal arbitration law of controversies arising out of maritime transactions which have been submitted to arbitration.

■■ (2) *Should the award be vacated by reason of partiality of one of the arbitrators.* Respondent urges that the arbitration award should be vacated and not affirmed on the ground that one of the arbitrators, one George Ellison, was an employee of John F. Curry Agency, Inc., insurance brokers, who at times had placed insurance for National Shipping & Trading Corp., agents for the petitioner. This is the same issue that is being presented to the State court on the motion to vacate the award. It is recognized that an award may be vacated when there was "evident partiality" in the arbitrators or any of them. 9 U.S.C. § 10(b). The papers submitted on this motion do not indicate any "evident

partiality" or any wrong conduct by Mr. Ellison. Movant's sole ground for asserting partiality is the business relationship of Mr. Ellison with an insurance agency which had placed insurance at times for an agent of petitioner. The affidavit of the president of National Shipping & Trading Corp., submitted on the motion, states that the John F. Curry Agency, Inc. is only one of several insurance brokers through which that company has placed insurance and, furthermore, states that none of the vessels owned by the petitioner had ever been insured through that agency. The affidavit also denies that National Shipping & Trading Corp. is the general agent in this country for petitioner and alleges that it has merely acted in the past as agent in certain circumstances for vessels either owned or chartered by petitioner in New York and on occasion has acted as chartering broker in isolated transactions. No facts were submitted by respondent to show any substantial financial or business interest of Mr. Ellison in petitioner or in the business of the petitioner. Something more than a vague and rather remote business relationship between the arbitrator and one of the parties to the arbitration is certainly needed if the losing party seeks to vacate the award on the ground of "evident partiality" of one of the arbitrators. It is well established that the mere fact that there is some business relationship between the arbitrator and one of the parties to the arbitration is not in and of itself sufficient to disqualify the arbitrator. E. Richard Meinig Co. v. Katakura & Co., Ltd., 1 Dept., 241 App.Div. 406, 272 N.Y.S. 735, affirmed 1934, 266 N.Y. 418, 195 N.E. 134.

■■ However, even more important is the fact disclosed in the moving papers that respondent knew before the arbitration started that Mr. Ellison was in the insurance business and associated with John F. Curry Agency, Inc., and that respondent could have inquired concerning the business relationship of his firm to any party interested in the arbitration. Where a party has knowledge of facts possibly indicating bias or partiality on the part of an arbitrator he cannot remain silent and later object to the award of the arbitrators on that ground. His silence constitutes a waiver of the objection. See San Carlo Opera Co. v. Conley, D.C.S.D.N.Y.1946, 72 F. Supp. 825, 833, affirmed 2 Cir., 1947, 163 F.2d 310.

■ (3) *Did the arbitrators exceed their powers.* The argument that the arbitrators exceeded their powers or failed to pass upon the question submitted to them is without merit. The submission to arbitration showed that respondent, the charterer, asked the arbitrators to do two things: (1) order performance by the petitioner of the agreements with the charterer and (2) award damages for failure to provide further ships. The arbitrators in their award concluded that the owners (petitioner herein) were justified in refusing to nominate further ships in view of the defaults by respondent in making prompt payments on the first four voyages. The arbitrators therefore refused to order further performance by the petitioner. The arbitrators made no award of damages for the failure to provide further ships. Since the arbitrators had decided that the owners were justified in failing to provide further ships it is understandable that the arbitrators awarded no damages.

This appears to be a situation where the losing party to an arbitration is now clutching at straws in an attempt to avoid the results of the arbitration to which it became a party.

The motion to confirm the award is granted.

So ordered.