Henry Epstein, J.
This is a motion by Omnium Freighting Corporation (hereinafter “ Omnium ”) to vacate and set aside the award of arbitrators on the ground that they exceeded their powers and that they imperfectly executed them in that a mutual, final and definite award upon the subject matter was not made.
The submission arose out of a contract between United Steamship Corporation (hereinafter “United”), a Panama corporation, and “ Omnium ”, a New York corporation, acting for a Panamanian or Liberian company to be nominated, for the purchase of a Liberty-type steamship. The contract (par. 10) provided for arbitration of any dispute arising out of the contract.
*801 The steamship was delivered after the date specified in the contract and ‘1 Omnium ’ ’ sought damages for this delay. The arbitrators found for “ United ”.
This action involves “ commerce ” Avithin the meaning of sections 1 and 2 of title 9 of the United States Code (Caribbean S. S. Co. v. La Societe Navale Cænnais, 140 F. Supp. 16, affd. 239 F. 2d 689).
In the event no court is specified in the agreement to arbitrate, the application to confirm the award shall be made to the United States court in and for the district Avithin Avhich such award Avas made (U. S. Code, tit. 9, § 9; Matter of Ilios S. & T. Corp. [American A. & B. C. C.], 148 F. Supp. 698, affd. on other grounds 245 F. 2d 873).
The agreement submitting this case to arbitration, however, contains the folloAAÚng (p. 2): “ Judgment on any award made pursuant to this agreement may be entered in the United States District Court for the Southern District of New York, or any other court of competent jurisdiction in accordance with the Arbitration Acts.” (Emphasis supplied.)
On September 22,1958 “ Omnium ” served a notice of motion, returnable in Special I of this court on October 2, 1958 for an order vacating the aAvard of the arbitrators. On September 23, 3 958 11 United ’ ’ served a notice of motion, returnable in Motion Part of United States District Court for the Southern District of New York on September 30, 1958 for an order confirming the award of the arbitrators. This latter motion was argued and all papers were submitted on October 1, 1958. The folloAving day, October 2, 1958, the motion pending in this court AAras argued.
There is concurrent jurisdiction in this court to hear and determine this award. The Federal District Judge before whom this matter has been pending consents to this court’s determining the instant motion.
Paragraph 6 of the contract in question reads in part as foIIoays : “ 6. Vessel to be delivered by the Seller to the Buyer at a safe U. K./ Continent port not later than January 15, 1957. Seller agrees to employ vessel so that under normal operating procedure vessel’s expected readiness for delivery will not be later than January 15, 1957. If, however, vessel is delayed for reasons beyond Seller’s control so that she is not ready for delivery to the Buyer on or before midnight New York Eastern Standard Time January 35, 1957, Buyer shall have the option of cancelling this Contract.”
The award of the arbitrators found that there Avas no breach of contract and so no question of damages arose. One of the arbitrators filed a dissenting opinion and protest.
*802 The contract of sale provided £ ‘ Omnium ’ ’ with the option of canceling the sales contract if, for reasons beyond seller’s control, the vessel was not ready for delivery on or before midnight January 15,1957. The ship was not ready and the buyer did not exercise the option to cancel.
The contract further provided {supra) that the seller would operate the vessel££ so that under normal operating procedure ” its “ expected readiness for delivery will not be later than January 15, 1957.” The majority opinion of the arbitrators concluded that the normal operation of this ship in the period between the contract of sale and the delivery date included more than one trip and because the ship experienced a stevedore strike, bad weather, weather damage to ship, etc., the delay encountered was unusual, unforeseen and unexpected.
The testimony, referred to by the majority, indicated that two consecutive transatlantic trips were contemplated at the time the contract was drawn up. ££ United ” in moving herein to set aside this award claims that the arbitrators exceeded their powers in that they permitted oral negotiations entered into prior to the written contract to alter the said written contract. With this contention the court cannot agree.
The normal operating procedure of this vessel was an important consideration of this contract. The evidence adduced before the arbitrators does not alter the terms of the written contract but rather does it explain them. There is nothing contained in this award which would justify the court in setting it aside on the theory that the grounds of the decision do not justify the award.
The motion is denied.