Richardson v. Lanning.

---

BENJAMIN M. RICHARDSON *vs.* JOHN V. LANNING.

1. R. agreed to purchase of L. and G. the grain standing on a certain farm, at a valuation to be fixed by referees selected by the parties. The referees made the valuation, the purchaser received the grain, and paid the money. *Held,* that if the referees erred in estimating the quantity of grain, it was no ground for recovering back a portion of the purchase money paid.

2. Where a matter is referred to arbitrators, their judgment is conclusive, unless fraud, collusion, or some plain, palpable mistake upon the face of the award appears, which is certified to, or admitted by the arbitrators.

3. If a special count in a state of demand is not good, a common count following it will not be sufficient, if it require a reference to the special count to make it intelligible.

---

*Certiorari* to Mercer Pleas.

This was an action of debt, brought by Richardson against Lanning, in a justice's court. The justice refused to non-suit the plaintiff, on an objection taken to the sufficiency of the state of demand, and the plaintiff obtained a judgment. On appeal, the Court of Common Pleas held the state of demand insufficient, and non-suited the plaintiff. The *certiorari* is brought to reverse this judgment.

The state of demand sets out that the plaintiff and defendant, together with one Grant, submitted to referees the valuation of the crops upon a certain farm belonging to Grant, and in Lanning's possession as a tenant farming on shares. That the referees made a valuation and award, and by a schedule annexed, they estimated that there was

of corn, 14 acres, at 35 bushels per acre, 70 cents a bushel, making $343, and 400 bushels of oats, at 34 cents a bushel, $136, being $479; that Richardson paid the amount so awarded to Lanning and Grant; that he subsequently, on measurement, found a deficiency in the quantity, amounting in value to $179.58, one-half of which he demanded to have repaid him by Lanning. There was also added to this state of demand a count for money had and received, &c., and paid, laid out, and expended, &c.

Argued by *Kingman*, for plaintiff in *certiorari*, and *Edward W. Scudder*, for defendant, before Justices ELMER, POTTS, and HAINES.

The opinion of the court was delivered by

POTTS, J. The question is, whether the state of demand sets out a legal cause of action. Is the plaintiff entitled to recover, if all he alleges in his demand is true? Richardson had agreed, it would seem, to purchase these crops of Lanning and Grant, at a valuation to be fixed by the referees selected by the parties. The referees fixed the valuation, and the grain was thereupon delivered to the purchaser, and the money paid. Now the fact that the referees committed an error in their estimate of the quantity of grain, furnishes no legal ground for a recovery back of a portion of the consideration money paid. The legal effect of the agreement, as deduced from the state of demand, is, that the vendors were to sell, and the vendee to buy the grain at such valuation for the whole lot as the referees should fix. It was like a bargain for a lot of standing timber, or a field of growing grain, at an estimated value, to be fixed by appraisers. The parties agree to take the judgment of others, instead of their own, and having so agreed, they are bound by that judgment just as much as if they had agreed upon the quantity and price themselves.

This must have been the intention of the parties at the

time. For if it had been understood that the value was to be governed by a measurement to be subsequently made, or a price per bushel to be subsequently fixed, then the reference was a sheer farce, and amounted to nothing. There is no pretence that the agreement contained any provision for a subsequent ascertainment of the exact number of bushels; the sale was not by the bushel, but by the lot, the quantity as it stood in the field or stack. And the general rule is, that where parties agree to refer a matter to the judgment of others, their judgment is conclusive, unless fraud, collusion, or some plain, palpable mistake upon the face of the award appears, which is certified to or admitted by the arbitrators. *Pintard* v. *Irwin, Spencer* 497; *Bell* v. *Price*, 1 *Zab.* 32.

As to the argument, that the count for money had and received, and paid, laid out, and expended, is good, though the special count be bad, it is sufficient to say, that if the special count, as it is called, be stricken out, the common count, standing alone, would be insufficient, for it requires a reference to the special count to make it intelligible.

The judgment is affirmed.