In the Matter of the Application of Alfred H. Newburger and Others, Individually and as Copartners Doing Business under the Firm Name and Style of Newburger, Henderson & Loeb, Appellants, to Confirm the Award Made under the Submission to Arbitration between Said Parties and William Rose, Respondent.*

First Department, March 10, 1930.

* Affd., 254 N. Y. ——.

*Osmond K. Fraenkel* of counsel [*Goldsmith, Jackson & Brock*, attorneys], for the appellants.

*G. B. Garfield* of counsel [*Garfield & Seligson*, attorneys], for the respondent.

MARTIN, J.   By a stipulation dated December 13, 1929, it was agreed that a controversy between respondent and petitioners growing out of the sale of 100 shares of Grand Union preferred stock, made by petitioners on November 14, 1929, should be submitted to arbitration under the rules of the American Arbritration Association.

This sale was questioned by respondent on the ground that one Hagan, with whom he dealt, agreed to adjourn it for a day in order to give respondent an opportunity to procure additional margins.   Mr. Hagan not only testified that there was no such agreement but stated that he told William Rose, the respondent herein, that it would be necessary to take the matter up with his firm; that Rose was to telephone at eleven o'clock for the decision but did not call up or bring in the required margin.

On December 17, 1929, the American Arbitration Association sent a letter submitting twenty names of proposed arbitrators. On December 19, 1929, the counsel for petitioners wrote to the counsel for respondent selecting five names from this list.   On the next day five names were received from the attorneys for the respondent.   Both parties suggested the name of Mr. Jesse J. Ludwig, and accordingly counsel for petitioners wrote to respondent's counsel suggesting that if possible Mr. Ludwig be selected and that one arbitrator be selected from the other names on each of the lists submitted by counsel for respondent and petitioners. No dissent was expressed by respondent to this proposition and in conformity therewith the arbitrators were selected.   The secretary of the arbitration committee of the American Arbitration Association selected Mr. M. W. Amberg, one of the names on the list submitted by the counsel for petitioners.   He was unable to select any one other than Mr. Ludwig from the list submitted by respondent's attorneys.   With the consent of one of the attorneys for the respondent he chose another name not on either list, Mr. L. W. Babbage.   The only condition made at that time by the attorney was that this arbitrator should not be in the brokerage business.

The Arbitration Association then sent a notice to both parties as well as to the arbitrators, fixing a hearing for January 3, 1930, before Messrs. Ludwig, Amberg and Babbage.   On that day, prior to the hearing, a submission agreement naming these three arbitrators was executed by both parties.   The hearing then proceeded;

the witnesses were heard and the arbitrators announced their award in favor of the petitioners.

It appears from the replying affidavits that prior to the actual taking of testimony there was a discussion between Mr. Seligson and Mr. Stark representing the American Arbitration Association, about Mr. Amberg's business connections and in the course of that discussion it became known that Mr. Amberg was a stockbroker. Mr. Ludwig, the arbitrator chosen by both parties, also stated at that time that he had been at one time connected with the brokerage firm of Bache & Co. Although knowing the facts, no objection was made by Mr. Seligson, one of the respondent's attorneys, to Mr. Amberg's qualification to act as arbitrator. In fact, he expressed his approval of the selection of the arbitrators.

On the same day that the arbitration award was announced Mr. Seligson says that he telephoned to Mr. Braden of the American Arbitration Association inquiring about the occupation of Mr. Amberg and was informed that Mr. Amberg was a stockbroker. That could have been discovered by reference to the telephone directory in which Mr. Amberg's name was listed as a broker.

The opposition to the motion to confirm the award was based upon the claim that Mr. Amberg was biased because he was a stockbroker and was acquainted with some of the petitioners. It is distinctly stated in the affidavit of respondent that he does not impugn the motives or integrity of Mr. Amberg. This affidavit calls attention to section 7 of the Rules of the American Arbitration Association dealing with the qualifications of arbitrators and quotes what purports to be the rule, but the following matter was omitted from the quotation: " The parties may, however, waive in writing any objections which may exist on the preceding grounds. In the event of a dispute arising between the parties concerning such qualifications, the decision by the Arbitration Committee shall be final."

No application was made by the respondent to have this matter passed upon by the arbitration committee of the association.

The court refused to confirm the award solely on the ground that the nature of the business and connections of one of the arbitrators were such as to imperil the impartiality of his award.

Even though the claim of disqualification be substantial, the right to take advantage thereof was waived, because, with knowledge of the facts, the respondent failed to make a timely objection. (*Travelers Ins. Co.* v. *Pierce Engine Co.*, 123 N. W. 643; *Chicago, R. I. & P. R. Co.* v. *Union Pacific R. Co.*, 254 Fed. 235.) It has not been shown that any facts bearing on his qualifications were withheld or were of such a nature that appellants could not, with reasonable diligence, have ascertained them before the arbitration.

No reason has been given why this award should be set aside. It was carried out in all particulars in accordance with the agreement to arbitrate and we are now asked to hold that because a man is in a similar business, he is not qualified to act as an arbitrator, although no objection was raised to his selection as arbitrator until the day the award was made.

There is no merit in the objection that one of the arbitrators was not qualified to act because he was engaged in a business similar to that of the petitioners. Knowledge of a business and the methods used therein may be of great value in reaching a just result because of the ability of an arbitrator to apply such knowledge to the facts. To hold that because of such knowledge one is disqualified to act as an arbitrator would bring about a very unjust result. There may be occasions when it is necessary to secure arbitrators with knowledge of the particular business out of which the transaction has arisen and which is the subject of the arbitration. Such arbitrators may be much better equipped than those who know nothing about the subject-matter of the arbitration.

When, as here, it is shown that a knowledge of the business has in no respect improperly influenced the decision of the arbitrators and the arbitration has been fair and just, the award should be confirmed.

The order denying the motion to confirm the award should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to confirm the award granted, with ten dollars costs.

DOWLING, P. J., FINCH, McAVOY and PROSKAUER, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.