PASSAIC COUNTY CIRCUIT COURT.

IN THE MATTER OF THE APPLICATION TO VACATE ARBITRATION AWARD BY McLEAN PIECE DYE WORKS, A CORPORATION OF NEW JERSEY, APPLICANT, v. SAM VERGA, RESPONDENT.

Decided May 2, 1935.

For the applicant, *Evans, Smith & Evans* (*by John F. Evans*).

For the respondent, *Harry Joelson.*

PORTER, C. C. J.   The motion is to vacate an arbitration award. It appears that the respondent, Verga, was in the employ of the applicant, McLean Piece Dye Works; that on February 26th, 1935, he was discharged from such employment by Garry Iozia, one of the officers and general manager of the applicant, after an argument or disagreement between them. It further appears that in December, 1934, exact date not given, an agreement was entered into in writing between the applicant and the Federation of Silk and Rayon Dyers and Finishers of America, whereby among other things it is provided, in paragraph 6, that no worker shall be discharged without cause; that if an employe who has been discharged is of the opinion that the discharge was "unjust," said employe shall have the right to have that question decided by a tribunal of two, consisting of a representative of the union and a representative of the employer, who, if unable to agree, shall choose "a disinterested person whose decision shall be final."

It further appears that the respondent did, in pursuance with this agreement, appeal from the employer's action and an arbitration hearing was held on March 6th, 1935, by two men duly selected for that purpose. These men were unable to agree and they appointed on that date George I. Grabow to act as umpire, whereupon he heard the witnesses produced

by each party and rendered an award in writing, without date, but apparently announced his decision at the close of the hearing. In his findings he reviews the testimony and states his conclusions and reasons therefor. He finds as a fact that the respondent was guilty of improper conduct in the shop on the occasion in question, but that his motives were not improper and that his misconduct "was not sufficient to warrant his discharge."

The clear meaning of this award is that the discharge was unjust.

Eighteen separate grounds are urged in support of the contention that the award is improper and should be vacated.

One group of reasons urged is that the award is defective on various technical grounds, viz., that it is contrary to the law and the contract, that no authority vested in the arbitrators or the umpire, that the award is not in proper form, and that the umpire was not properly appointed.

I think there is no merit to these contentions. The contract under which this arbitration was made is binding on the parties under the Arbitration act. *Pamph. L.* 1923, *ch.* 134. Moreover, the act provides that awards incorrect as to form may be modified or corrected "so as to effect the intent thereof, and promote justice between the parties."

Nor is there any merit in the contention that the right of the employer to discharge an employe is not arbitrable under the law of this state, because the award could not be confirmed by order of any court nor can judgment be entered in conformity with the award. The very purpose of the act as contained in the first section is to make "valid, enforceable and irrevocable" any written contract of arbitration. There is no limitation in the act that arbitration is not to be valid and effective where the nature of the dispute renders the entering of a judgment unnecessary. Section 12 does provide that judgment *"may"* be entered, but nowhere is it mandatory that judgment be entered.

The remaining questions raised on the argument against the award go more to the merits of the matter.

It is claimed that Mr. Grabow was not a disinterested party and that he was biased. He was associated with Mr. Joelson, counsel for the Federation of Silk Dyers and Finishers, one

of the parties to the contract. His association with Mr. Joelson was not known to Mr. Iozia, he says in his affidavit, until after the award. Mr. Grabow and John Lyding, one of the arbitrators, both in affidavits deny the truth of that statement. They say that Mr. Iozia was told of Mr. Grabow's association with Mr. Joelson and did not object. Be that as it may, it seems immaterial whether he objected to Mr. Grabow or not, because the arbitrators had a right to select a third arbitrator or umpire as long as he was their choice and was disinterested. Of course, if Mr. Iozia was consulted and did approve of Mr. Grabow, knowing of his association with Mr. Joelson, any objection made by him after the award is entitled to scant consideration.

I have carefully considered the question of whether Mr. Grabow was interested and biased and have concluded that the applicant has failed to establish that fact. The hearing took place in Mr. Joelson's office. Mr. Joelson was himself asked to act and refused. It seems unlikely that Mr. Grabow was selected by both arbitrators and in the presence of Mr. Iozia, and with Mr. Joelson probably there, also, or nearby, with deception practiced on Mr. Iozia as to who he was. If Mr. Iozia was not informed who he was and what his business or profession was, it seems highly improbable that he would not have inquired into those matters when he was introduced to him. It is not disputed that the two men were introduced and did converse before the selection.

The issue of fact that Mr. Grabow was called upon to decide was solely whether or not Verga had been unjustly discharged. In order to decide that question he inquired into the facts and circumstances leading up to the discharge. That he considered the facts and circumstances which were not very much in dispute is evident from the language of his award. Honest men might differ as to whether the discharge was just or unjust. The two arbitrators did in fact differ. Nor is the correctness of his award the issue, but rather whether his judgment was arrived at because of a whim, bias, prejudice, caprice or some other improper or unworthy motive. I am unable to find from the affidavits before me that he was so motivated.

The application to vacate the award is denied.