In the Matter of the Arbitration between AVALON FABRICS, INC., Petitioner, and RAYMILL FABRIC CORP., Respondent.

Supreme Court, Special Term, New York County, March 21, 1949.

*F. E. M. Ballon* for petitioner.

*Irving Rosenfeld* for respondent.

EDER, J. Motion to confirm arbitrators' award and to enter judgment thereon, is granted. Cross motion of respondent to vacate the award is denied.

The ground of the motion to vacate the award is that the petitioner's attorney was and is the attorney for one of the arbitrators, Tanenbaum, the arbitrator designated by the petitioner, and that at no time prior to the making of the award was there any disclosure made thereof.

If this were the fact, I should have no hesitancy in denying the motion to confirm the award and I would grant the cross motion to vacate it.

But I am satisfied that the respondent knew the situation of which it now complains and with such knowledge proceeded with the arbitration and is estopped from now making the claim urged by it to vacate the award.

It appears that the first that the arbitrator knew that petitioner's attorney represented the petitioner was when said attorney's office phoned him *after* the award had been rendered and advised him that the validity of the award was being questioned. It also appears that the first said arbitrator knew of the dispute between the parties herein was when the National Federation of Textiles, Inc., asked him if he would serve as arbitrator in the dispute; that he knew none of the officials of either party and had never had any business dealings or social contacts with any of them. It further appears that he did not know which of the parties had chosen him until petitioner's attorney's office phoned him with regard to his affidavit after the award had been made.

It also appears, without dispute, that the rules of the federation require that no communication whatsoever shall pass between the parties and the arbitrators outside of the official meeting; that the selection of arbitrators is actually made by the federation, which notifies the arbitrators of their appointment; that nothing is said to the arbitrators by the federation as to which party requested their selection; that in accordance with the rules of the federation petitioner's attorney did not discuss with any of the arbitrators the merits of this case, nor did he advise any of the arbitrators that he represented the petitioner herein.

It further appears, without dispute, that the federation has recognized the fact that the attorneys for the parties in an arbitration proceeding may be known to the arbitrators and, in order to avoid the possibility of a claim such as interposed by the respondent herein, the rules provide that counsel for

one of the parties shall not be present at the hearing without the consent of the arbitrators and of the other party. Rule 17, entitled "Counsel", so expressly provides.

The rule to be applied is stated as follows in Corpus Juris, Arbitration and Award, (Vol. 5, § 130) : "The first great requisite as to persons occupying the post of arbitrator is a judicial impartiality and freedom from bias. In undertaking to act as arbitrators they assume a quasi judicial position. It follows therefore that the existence of any facts which may operate to affect the impartiality of arbitrators will render such arbitrators incompetent to make a valid award, *provided such facts were unknown to the complaining party,* and in applying this principle it is not material that the bias arose subsequently to the submission."

In the case at bar I am satisfied that the respondent was aware of the fact that petitioner's attorney represented a concern with which the said arbitrator was associated and, with knowledge of that fact, nonetheless was willing to have the arbitration proceeding go on and, therefore, availed itself of rule 17 of the arbitration rules of the federation and requested that the attorneys for the respective parties be excluded from the hearing, for, on January 31, 1949, the respondent wrote to the federation as follows: "Answering your letter of the 24th, we respectfully advise that in this arbitration we feel that the ends of justice will be served if the hearing is held without counsel present."

Direct reference is made to this letter in the petitioner's papers and no reference is made to it in the respondent's papers, by way of explanation. There is, rather, an evasive reference thereto, that respondent chose not to have counsel present at the hearing in order to avoid his (petitioner's counsel) "tactics". This is pure subterfuge and a strained effort to avoid the truth. Such is the impression I gain.

This letter is, to me, a clear indication, and certainly a fair and reasonable inference that the respondent was aware of the fact that petitioner's attorney represented a concern with which said arbitrator was associated and therefore did not desire his presence at the hearing.

Respondent was content to have said arbitrator serve but, having met with an unfavorable decision, now seeks, as an afterthought, as I view it, to urge the claim now made in the hope it may succeed.

It would, in my opinion, be a manifest injustice in the situation disclosed, to countenance such a course of conduct by the respondent.

Having, with knowledge of the situation, elected to proceed with the arbitration and, in addition, availed itself of the benefit of rule 17 of the federation's rules of arbitration, the respondent must be deemed estopped from now assailing the confirmation of the award. The doctrine of estoppel is essentially equitable in its nature and is founded on good conscience and fair dealing, being invoked to prevent fraud and, as well, injustice (*Angerosa* v. *White Co.*, 248 App. Div. 425, affd. 275 N. Y. 524); and in *Matter of Newburger* v. *Rose* (228 App. Div. 526, affd. 254 N. Y. 546) it is said: ''Even though the claim of disqualification be substantial, the right to take advantage thereof was waived, because, with knowledge of the facts, the respondent failed to make a timely objection.'' (See, also, 6 C. J. S., Arbitration and Award, § 46, subd. c and cases there cited.)

The honesty of said arbitrator is not questioned by the respondent; it rests its attack on the award on the claim stated, which, for the reasons here stated, I hold to be untenable.

Settle order.