Charles D. Breitel, J.
The motion to confirm the award of arbitration is granted and the cross motion to vacate the award is denied. Several grounds are urged on the cross motion. They vary in number and in order as between the principal affidavit and the supporting memorandum. The court will take' them up in the order of simplicity of disposition.
The first ground is that the award was not made within the time prescribed. This objection is specious and rests upon a document which does not and cannot limit the submission, namely, an advisory letter from the tribunal clerk of the American Arbitration Association. Moreover, under the rules of the association, the time limit to render the award had been extended, and the award was mailed within the time limit as thus extended. *1055 Section 1460 of the Civil Practice Act requires that the award be made “within the time limited in the submission.” The submission attached to the papers on the principal motion contains no time limit.
The second ground is that the umpire was improperly selected. There is nothing in the voluminous papers submitted which show that the third arbitrator was selected in any manner other than as required by the submission, notice of the appointment of the successor umpire having been included in the April 10 notice of hearing. The duty of appointment fell upon the association once the seven-day period had elapsed within which the party-appointed arbitrators had opportunity to select the third arbitrator.
The third ground is that one of the arbitrators was partial and was interested in the event. There is no substantial evidence supplied that the arbitrator in question was partial except that he Avas one of the majority who decided against the respondent. On the matter of interest, respondent’s principal affidavits conceded that their suspicions could not be corroborated, but felt that the burden was cast on the petitioner to dispel the doubts of respondent. That burden was carried and the affidavits submitted amply disprove any interest in the outcome. The other relationships between .the arbitrator and the petitioner were of a casual business character, and virtually inescapable under a system of arbitration where arbitrators are purposely chosen for their familiarity with the industry.
The fourth and last ground is that the majority arbitrators improperly received letters from textile salesmen on one of the disputed issues, rather than personal testimony. This was within the discretion of the arbitrators, both under the general rules of law applicable to arbitrations and also under the rules of the American Arbitration Association under which the submission here was made. Moreover, it is uncontradicted that respondent offered similar unsworn testimony, which was received. There was no refusal to receive pertinent or material testimony offered by the parties, Avhich would have been a more serious matter.
With regard to the dissenting. arbitrator, the most that is shoAvn by his affidavit is that his associates did not share his views as to the effect of the testimony and other matter already before the arbitrators and the need to supplement the record as it then stood. It does not appear that the majority in so ruling did other than follow their conscientious conAdctions.