In the Matter of the Arbitration between KNICKERBOCKER TEXTILE CORPORATION, Appellant, and LEIFER MFG. CORP., Respondent.

First Department, June 12, 1951.

*Manuel Maxwell* of counsel (*Jacob Rubenstein* with him on the brief; *Manuel Maxwell,* attorney), for appellant.

*Lionel S. Popkin* of counsel (*Abraham S. Guterman* with him on the brief; *Hess, Mela, Segall & Popkin,* attorneys), for respondent.

*Per Curiam.* The unanimous award of three arbitrators has been set aside on the ground that one of the arbitrators was legally disqualified to serve. The arbitrator had previously been convicted for violation of the regulations of the Office of Price Administration and sentenced to fine and imprisonment. His offense was a misdemeanor and *malum prohibitum* only. Neither of the parties knew of the conviction, nor did the arbitrator volunteer to disclose it. The losing party first learned of it after the award by making inquiry of a commercial credit agency concerning the arbitrator. There is no proof that the fact of conviction would not have been disclosed, if such inquiry had been made prior to the arbitration.

There is no statutory requirement of previous good character for an arbitrator. If we apply the test applicable in this jurisdiction as to the qualifications of a juror (see Judiciary Law, § 596), the arbitrator's criminal record in this case would not afford the basis for legal disqualification. Further, the rule as to a juror would require that objection to qualification must be raised before the person is sworn, at least when there is no claim of actual bias. In order to make an objection to a juror available after verdict, the objecting party must prove that it was unknown to him and would not have been disclosed upon proper inquiry (*People* v. *Cosmo,* 205 N. Y. 91, 101). A somewhat similar rule requiring timely objection has been applied to other disqualifications of an arbitrator (*Matter of Newburger* v. *Rose,* 228 App. Div. 526). We find no sufficient ground for setting aside the award.

Under all the circumstances, we think that the order appealed from should be reversed, with $20 costs and disbursements, and the motion to confirm the award granted.

Cohn, J. (dissenting). The Special Term, in my view, was right in vacating the award and directing another arbitration before new arbitrators upon the ground that the arbitrator nominated by petitioner had perpetrated a fraud in failing to disclose to the parties that on May 31, 1944, he had, in the United States District Court for the Southern District of New York, pleaded guilty to twenty-nine counts of criminal informations charging violations of Office of Price Administration ceiling

prices in the sale of finished piece goods and that he had failed to keep accurate records, and was sentenced on June 14, 1944, to a prison term of two months, which he served, and fined $23,200, which fine he paid. Respondent did not discover the arbitrator's criminal conviction until after the award was made.

Respondent claims that this arbitrator, during the hearings, cross-examined respondent's witnesses, took a most active part in the arbitration hearings, and indicated partiality and bias from the very start. It was such conduct which impelled respondent to make an investigation of this arbitrator's past and by communicating with a credit agency he ascertained the fact of the arbitrator's conviction for offenses which beyond a doubt would have barred his acceptance by respondent if that fact had been disclosed before the arbitrator had been chosen.

The practice of arbitrators in conducting themselves as champions of their nominators has been emphatically condemned (*Matter of American Eagle Fire Ins. Co.* v. *New Jersey Ins. Co.*, 240 N. Y. 398, 405). An arbitrator acts in a quasi-judicial capacity and should possess qualifications of fairness to the end that he may render an impartial and honest award. His function is not one to convince the umpire or the third arbitrator. It is not to be anticipated that he will act as agent of the party who appoints him. An arbitration award is final and conclusive. An award which a party may regard as unfavorable or of which he disapproves may not be impeached because of mistake or error of the arbitrators as to the law or facts in the absence of fraud, corruption or other misconduct (*Matter of Wilkins*, 169 N. Y. 494, 496 *et seq.*; *Matter of Pine St. Realty Co.* v. *Coutroulos*, 233 App. Div. 404; *Matter of Wheat Export Co.*, 185 App. Div. 723, affd. 227 N. Y. 595).

It is not claimed that petitioner was aware of this prior conviction. However, it was fraud and misconduct on the part of the arbitrator to withhold the fact of his conviction prior to the time he was accepted as an arbitrator. He was under a firm duty to disclose a conviction for offenses which without a doubt affected his acceptability as an arbitrator in a commercial dispute. As was stated by this court in *Matter of Friedman* (215 App. Div. 130, 136): " Nothing should be permitted to throw suspicion even upon the entire impartiality of arbitrators. The finality of an award of arbitrators as compared with the reviewable decision of a judge or a referee makes this all the more important, and that the tribunal which is to pass upon the rights of the parties be not subject to the slightest suspicion as to its fairness.''

In the circumstances of this case respondent's objection was timely taken while the matter was still before the court for a confirmation or a vacatur of the award.

For the foregoing reason, the order should be affirmed.

PECK, P. J., GLENNON, CALLAHAN and SHIENTAG, JJ., concur in *Per Curiam* opinion; COHN, J., dissents and votes to affirm, in opinion.

Order reversed, with $20 costs and disbursements to the appellant and the motion to confirm the award granted. Settle order on notice.