Bernard Botein, J.
The claim of the respondent that the petitioner should not have been allowed to select another arbitrator after the arbitrator selected by him had resigned is without merit in view of the provisions of rule 7 of the Arbitration Rules of the National Federation of Textiles, Inc., pursuant to which the arbitration was to be held. There is likewise no merit to the claim of the respondent that • the selection of the third arbitrator should have been submitted to Rosen and Bronstein after Bronstein had been selected to take the place of Alpren.
The attack upon the qualifications of the third arbitrator must be overruled. The latter announced at the very outset of the hearings that he had done some business with the petitioner. The counsel for the respondent made no effort to ascertain the extent of the business which had been done by the third arbitrator with the petitioner, as he could have done, and chose to accept the third arbitrator without further investigation. Furthermore, there is an insufficient showing on the whole record that the dealings between the third arbitrator and the petitioner were sufficiently extensive to constitute ground for disqualification, even if the attorney for the respondent had not waived his right to objection on that ground. Nor has the respondent established to the court’s satisfaction his claim that the selection of Hatch Textile as the testing agency is ground for vacatur of the award because of the work which Hatch had done for peti *1057 tioner and because of bis alleged friendly relations with the president of the petitioner.
The objections raised by the respondent to the tests applied by the arbitrators in determining whether the goods were washable are overruled in view of the fact that counsel for the respondent agreed at the hearing that the arbitrators were to decide “ without any intervention on our part whatsoever ” on the question of washability “ and even the kind of tests you want made.” Counsel stated that the arbitrators “ shall be the sole judges of that ” and that “ we shall abide by the results which shall be performed by such persons as you may designate.”
As to the attack upon the disinterestedness of the National Federation of Textiles, pursuant to the rules of which the arbitration was conducted, it need only be observed that counsel for the respondent raised no such point until after the hearings before the arbitrators and the making of an award unfavorable to the respondent. The facts relied upon must have been known to counsel for the respondent prior to the commencement of the hearings.
The motion to confirm the award is granted and the cross motion to vacate the same is denied. Settle order.