In the Matter of the Arbitration between L. N. JACKSON & CO., INC., Appellant, and COMPANIA GASOLIBA SOC. ANON., Respondent.

First Department, May 26, 1953.

*Copal Mintz* for appellant.

*Lloyd Frank* of counsel (*Harry Silver* with him on the brief; *M. Mac Schwebel* attorney), for respondent.

*Per Curiam.* After an arbitration award was rendered against the respondent, it raised for the first time the objection that the arbitrators were disqualified. The basis of the claim was that the arbitrators were members of the New York Produce Exchange, and the president of the petitioner-appellant was a member of the board of governors of the exchange. The governors had selected the panel of arbitrators. This claim of disqualification was upheld by the Special Term, and the award vacated. We think that this was unwarranted.

The contract between the parties provided that any controversy arising under or relating thereto was to be settled by the arbitration board of the New York Produce Exchange. The fact that the petitioner, a contracting party, was a member of the exchange was not concealed. Its letterhead openly proclaimed such membership, and there was correspondence between the parties in which such information on the letterhead was brought home to the respondent. Earlier contracts between the parties had a provision for arbitration by the same board. If inquiry had been made concerning the activities of the petitioner's president in the exchange, his position and duties as a manager would have been readily ascertainable.

Under the circumstances, we find no basis for disqualification of the arbitrators (*Matter of Knickerbocker Textile Corp.* [*Leifer Mfg. Corp.*], 278 App. Div. 351; *Matter of Amtorg Trading Corp.* [*Camden Fibre Mills*], 277 App. Div. 531, affd. 304 N. Y. 519; *Matter of Catz American Sales Corp.* [*Holleb & Co.*], 272 App. Div. 689, affd. 298 N. Y. 504; *Matter of Newburger* v. *Rose*, 228 App. Div. 526, affd. 254 N. Y. 546). The case would be different if upon timely inquiry there had been a false statement as to nonmembership in the exchange (*Krauter* v. *Pacific Trading Corp. of America, Inc.*, 194 App. Div. 672).

The order appealed from should be reversed, with $20 costs and disbursements; the cross motion to vacate should be denied and the petitioner's motion to confirm the award should be granted.

Dore, J. P., Callahan, Breitel and Bergan, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, the cross motion to vacate denied and petitioner's motion to confirm the award granted.