James B. M. McNally, J.
In an arbitration proceeding petitioner moves to vacate the award on the grounds set forth in section 1462 of the Civil Practice Act. Respondent cross-moves for an order confirming the award. The award is dated January 12, 1956. The hearing was had on January 12, 1956, *1058 before a panel of three arbitrators. The award was executed by two of the arbitrators. The third arbitrator, who did not join in the award, by affidavit verified February 10, 1956 alleges that his associates disregarded the evidence adduced at the hearing on January 12, 1956 and instead predicated the award on ex parte matters unrelated to the merits of the controversy. The submission resulted from the sale of piece goods by the respondent to the petitioner, which the latter claimed were defective. Petitioner alleged damages in the sum of $14,500 and the respondent made claim for the balance of the purchase price of the piece goods amounting to $3,948.94. The award dismissed the claim of the petitioner and allowed the cross claim of the respondent in full.
It appears that the two issues litigated were (1) whether the piece goods complained of by the petitioner had been delivered to it by the respondent and (2) whether the said piece goods were defective.
It is uncontradicted that the petitioner at the hearing introduced results of a test from the Better Fabrics Testing Bureau, Inc., substantiating petitioner’s claim that the piece goods in question did not meet standard specifications therefor. It is also uncontradicted that respondent offered no evidence in respect of the quality of the said piece goods. It also appears from the affidavit of Raymond P. Nordheim, one of the arbitrators who executed the award, that he, together with Dickson B. Guile, who also executed the award, after the hearing and without previous knowledge or consent of the parties “ examined the material introduced in evidence by Dukraft Manufacturing Co., Inc.; we cut it, tore it and tested it for slippage, and while we noticed that one of the patterns that had more stitches than others slipped less, there was no reference made by Mr. Ducoff to any stitching. * * * The material offered by Dukraft Manufacturing Co., Inc. did not vary in any way in specific construction from comparable material normally delivered in the market by other mills.” The ex parte investigation of the arbitrators subsequent to the hearing, without the knowledge or consent of the parties, under the circumstances of this case requires the vacatur of the award.
In Matter of Horowitz v. Kaplan (248 N. Y. 547) an award was set aside on the ground that the arbitrators independently caused an examination to be made of the merchandise involved, which constituted a misconduct requiring the annulment of the award. In Berizzi Co. v. Krausz (239 N. Y. 315) an award was vacated because the arbitrator made an ex parte investigation regarding the issues after the hearing without the consent of the *1059 parties. To the same effect, see Matter of 290 Park Ave. (Fergus Motors) (275 App. Div. 565); Saffir v. Wilson (100 N. Y. S. 2d 263). Matter of Gerli & Co. v. Heineman Corp. (258 N. Y. 484) is inapplicable. There the ex parte test made by the arbitrators confirmed the defects in the material under consideration which had been established at the hearing. In the instant proceeding the ex parte test of the arbitrators rebutted and overcame the evidence submitted by the petitioner in respect to the defects of the piece goods here involved.
The petitioner also alleges at pages 5 and 6 of his moving affidavit “ that Mr. Nordheim is presently a sales manager for Schneider Silk Mills, Inc., located at 200 Madison Avenue, New York City, New York; that Schneider Silk Mills, Inc., through Mr. Nordheim has been selling greige goods including goods of a similar nature to the goods in question herein, to respondent; that since Mr. Nordheim’s designation as an impartial arbitrator herein, his sales to respondent increased considerably and had continued to increase considerably to the time of this award ”. The foregoing allegation is not denied by Raymond P. Nordheim in his affidavit sworn to February 28, 1956. Additionally, the petitioner alleges employment of Nordheim by the respondent and business transactions between Nordheim’s firm and respondent antedating the submission. Ordinarily prior business dealings between an arbitrator and one of the parties to the dispute does not warrant disqualification of the arbitrator (Matter of Atlantic Rayon Corp. [Goldsmith], 277 App. Div. 554). Where, however, during the pendency of the arbitration proceedings, business transactions between the arbitrator and one of the parties increase considerably and no explanation with regard thereto is offered on the motion to vacate the award and there is no disclosure at the hearing of that fact, the court is of the opinion that the resulting award must be set aside. (Matter of Shirley Silk Co. v. American Silk Mills, 260 App. Div. 572; Matter of Atlantic Rayon Corp. [Goldsmith] supra; Matter of Knickerbocker Textile Corp. [Sheila-Lynn], 172 Misc. 1015, affd. 259 App. Div. 992.) The facts here concealed from the petitioner did not pertain to the character of the arbitrator as in Matter of Knickerbocker Textile Corp. (Leifer Mfg. Corp.) (278 App. Div. 351); they concerned the actual bias of the arbitrator, of which he must be free both in fact and in appearance.
Accordingly, the motion to vacate the award is granted and the proceeding is remanded to the G-eneral Arbitration Council of the Textile Industry for proceedings in conformity herewith. The cross motion to confirm the award is denied. Settle order.