166

In the Matter of the Arbitration between MILLIKEN WOOLENS, INC., et al., Respondents, and WEBER KNIT SPORTSWEAR, INC., Appellant.

First Department, June 28, 1960.

*Sidney S. Korzenik* of counsel (*Rothstein & Korzenik,* attorneys), for appellant.

*Donald L. Kreindler* of counsel (*Edwin M. Otterbourg, Aaron Rosen, Melvin Liebowitz* with him on the brief; *Otterbourg, Steindler, Houston & Rosen,* attorneys), for respondents.

VALENTE, J. Presented upon this appeal is the validity of an arbitration award assailed by appellant because of certain disqualifying relationships of the two arbitrators who signed the award — the third arbitrator dissented.

The arbitration proceeding was initiated in November, 1956, based on appellant's claim of a breach of warranty in the purchase of orlon yarns intended for the manufacture of sweaters. Appellant sought damages of $41,983, while respondents, in addition to denying any breach of warranty, counterclaimed for $13,481, the unpaid balance of the purchase price of the yarns. The arbitrators, by a divided vote, rejected appellant's claim and allowed respondents' counterclaim of $13,481. Thereafter, respondents moved to confirm and appellant applied to vacate the award. Holding that appellant's claim of disqualification of the arbitrators created triable issues as to credibility. Special Term directed a trial. The trial was held before a judge without a jury, who found appellant's claims to be " baseless and without merit ". The motion to vacate the award was thereupon denied, and a motion to renew upon newly discovered evidence was likewise denied.

Before discussing the particular facts of the instant case, certain settled principles governing the disqualification of arbitrators should be reviewed. In *Matter of Friedman* (215 App. Div. 130, 136) the court stated: " During recent years arbitration has been more and more resorted to for the settlement of business controversies. It, therefore, becomes of the utmost importance that in statutory proceedings of this character where the rights of parties are adjudicated, not by trained lawyers and judges, but by fellow-businessmen, every safeguard possible should be thrown about the proceeding to insure the utmost fairness and impartiality of those charged with the determination of the rights of the parties. Nothing should be permitted to throw suspicion even upon the entire impartiality of arbitrators. The finality of an award of arbitrators as compared

with the reviewable decision of a judge or a referee makes this all the more important, and that the tribunal which is to pass upon the rights of the parties be not subject to the slightest suspicion as to its fairness."

Among other grounds, section 1462 of the Civil Practice Act provides that an arbitration award must be vacated where there was "evident partiality" in the arbitrators or the arbitrators were guilty of any misbehavior by which the rights of any party have been prejudiced. In the case before us there has been no attempt to prove actual partiality; but appellant contends that the award must be vacated because of certain relationships — unknown and undisclosed to it — between the arbitrators and respondents and their attorneys which disqualified two of the arbitrators from acting in the matter.

An arbitrator's functions are quasi-judicial. But unlike a judge, he is not subject to disqualification for all of the grounds set forth in section 14 of the Judiciary Law. (See *Matter of Amtorg Trading Corp.* [*Camden Fibre Mills*], 277 App. Div. 531, 532–533, affd. 304 N. Y. 519.) With the development of arbitrations in commercial matters, particularly among persons in the same trade, arbitrators have been permitted to function who have had prior business dealings with one or both parties. (*Matter of Atlantic Rayon Corp.* [*Goldsmith*], 277 App. Div. 554, 555.) Hence, it has been held that mere proof of prior business relations with one party is insufficient to disqualify an arbitrator where that relationship is known to the opposing party. (*Matter of Newburger* v. *Rose*, 228 App. Div. 526, affd. 254 N. Y. 546; *Matter of Meinig Co.* v. *Katakura & Co.*, 241 App. Div. 406, affd. 266 N. Y. 418; *Matter of Knickerbocker Textile Corp.* v. *Sheila-Lynn, Inc.*, 172 Misc. 1015, affd. 259 App. Div. 992; *Matter of Amtorg Trading Corp.* [*Camden Fibre Mills*], *supra*; *Matter of Atlantic Rayon Corp.* [*Goldsmith*], *supra*; *Matter of Jackson & Co.* [*Compania Gasoliba S.A.*], 282 App. Div. 125; *Sweet* v. *Morrison*, 116 N. Y. 19, 27; *Matter of Cross & Brown Co.* [*Nelson*], 4 A D 2d 501, 503; *Matter of Glatzer* [*Diamond*], 19 Misc 2d 77, affd. 9 A D 2d 675.)

Thus knowledge, on the part of a party, of the existence of a disqualifying relationship between the opposition and an arbitrator, coupled with a failure to make timely objection, will be deemed a waiver of the right to press the objection. Actual partiality, however, may not be deemed waived. (*Matter of Miller* v. *Weiner*, 260 App. Div. 444.)

Since waiver is a matter of intention (*Matter of City of Rochester*, 208 N. Y. 188, 197), the touchstone in these arbitration cases is the knowledge, actual or constructive, in the com-

plaining party of the tainted relationship or interest of the arbitrator. Thus, in *Matter of Dukraft Mfg. Co. (Bear Mill Mfg. Co.)* (22 Misc 2d 1057). McNALLY, J. set aside and award because no disclosure was made that business transactions between the arbitrator and one of the parties had increased considerably during the pendency of the arbitration proceeding. In *Matter of Shirley Silk Co. v. American Silk Mills* (260 App. Div. 572) an award was vacated where the arbitrator designated by the respondent failed to reveal to appellant that, prior to the arbitration, the firm of which the arbitrator was president had received a substantial award (in another arbitration) from a board of arbitrators of which the president of respondent was a member. (See, also, *Matter of Knickerbocker Textile Corp. v. Sheila-Lynn, Inc.*, 172 Misc. 1015, affd. 259 App. Div. 992, *supra.*)

We have concluded that the record herein amply demonstrates the existence of certain relationships on the part of two of the arbitrators and respondents which would disqualify the arbitrators from acting; that those disqualifying relationships were not known by, or adequately disclosed to, appellant; and that appellant may not be deemed to have waived them. Consequently the award should have been vacated because appellant was not accorded that complete impartiality and indifference which it was entitled to expect from a disinterested board of arbitrators.

In the case of one of the arbitrators, who is an attorney, it appeared that he had been on the staff of the same law firm with respondents' trial counsel up to a time two and one-half years before the arbitration was held. Not only was that relationship not disclosed to appellant, but appellant may well have been misled by the innocuous statement in a letter written by the arbitrator, at the time of his appointment, that he was '' acquainted with each of the attorneys representing the respective parties ''. Moreover, after the award had been made, appellant discovered that the law firm representing respondents and the arbitrator's law firm had served as co-counsel in a number of matters, one of which was pending at the time of the arbitration. Unquestionably, the foregoing relationships disqualified the attorney arbitrator from acting in this case in the absence of a waiver by appellant. Since the record negatives disclosure or knowledge by appellant of the disqualifying relationships, there was no waiver.

As to the second arbitrator, a businessman, the record establishes that, as one who was responsible for buying textiles for an affiliate of his present company, he had for many years purchased a substantial part of his requirements from respondent companies or their affiliates. These purchases constituted a

regular course of dealings running into transactions amounting to millions of dollars. They may not be regarded as the casual and occasional dealings which might be expected where arbitrators are chosen because of familiarity with an industry (see *Matter of Knickerbocker Textile Corp.* [*Donath*], 22 Misc 2d 1056 [BOTEIN, J.] affd. 282 App. Div. 680; *Matter of Weavecraft, Inc.* [*Mil-Jay*], 22 Misc 2d 1054 [BREITEL, J.]). Moreover, it was shown that this arbitrator had served as arbitrator in three prior cases in which respondents' counsel represented a party, and in which the arbitrator had joined in a favorable award to respondents' counsel. Finally, it was established that a substantial claim which respondents' counsel was prosecuting against this arbitrator's company at the time of the arbitration was settled immediately after the award herein was made. The mere statement of the foregoing relationships is sufficient to show a disqualification to act as arbitrator. The absence of disclosure or waiver makes disqualification imperative.

However, added to the undisclosed disqualifying relationships of the two arbitrators, alluded to above, the circumstances of the selection of these arbitrators, which came to light after the award, create another basis for impugning the award. Their designation by the tribunal clerk of the American Arbitration Association was in the nature of administrative appointments when the parties could not agree. But the record shows that a former tribunal clerk, who had processed some part of this matter and who had thereafter become associated with respondents' counsel, suggested the names of these two arbitrators to his successor. There was testimony on behalf of respondents that the fact that the names of the arbitrators had been suggested by respondents' counsel had been communicated to appellant's counsel in a telephone conversation before their appointment. From the evidence, we must accept appellant's counsel's denial of the receipt of any such information. Present in the record is a letter written by respondents' counsel on February 26, 1957, objecting to the third arbitrator because he had been nominated by appellant's counsel. In view of this letter, it is incredible that appellant would have consented to the respondents naming two out of the three arbitrators, had there been a disclosure that they were suggested by respondents. Hence, in addition to the disqualifying interests of the two arbitrators, the record sustains a conclusion that there was covert influence in the selection of the arbitrators and a failure to disclose that their nomination stemmed from respondents.

Under the circumstances, the order appealed from should be reversed on the law and the facts, with costs to appellant, the

motion to confirm the award denied and the motion to vacate the award granted. The parties must proceed to a new arbitration. The appeal from the order denying a renewal of the motion to vacate should be dismissed as moot.

RABIN, J. P., McNALLY and BASTOW, JJ., concur; M. M. FRANK, J., deceased.

Order, as resettled November 12, 1959, and judgment entered thereon, reversed on the law and on the facts, with costs to appellant, the motion to confirm the award denied and the motion to vacate the award granted. The parties must proceed to a new arbitration. The appeal from the order, dated December 8, 1959, which denied the motion of Weber Knit Sportswear, Inc., for leave to renew the application dismissed as moot. Settle order.