Aron Steuer, J.
The applications are to vacate and set aside an award in arbitration. One application is made on behalf of Classic Togs, Inc., a corporation and the other on behalf of Classic Togs a partnership now dissolved. The first objection by Classic Togs, Inc., is that it had never agreed to arbitrate. The dispute arbitrated was with a labor union and the agreement relied on is one between the union and an association of manufacturers called the National Skirt and Sportswear Association, Inc. The corporation claims that it was not a member of the association. Admittedly the partnership was. It is further admitted that the corporation continued the business of the partnership and in so doing continued to perform under the contract with the association and the latter’s contract with the union. It paid dues to the association. It paid the welfare benefits called for in the contract to the union and submitted its books to the union as called for in the union contract. It is in connection with the submission of books that the controversy arose. The union claims that certain books were withheld.
The objection is not well taken for two reasons. First, it is now too late to raise the question. The proper procedure was to move to vacate the notice of arbitration or to withdraw from the arbitration. (Matter of Jackson & Co, [Companía Gasoliba Soc. Anon,], 282 App. Div. 125.) Having litigated the issue in the arbitration proceedings, the arbitrator’s finding is conclusive. (Matter of Teschner [Livingston], 285 App. Div. 435.) *599 Secondly, the arbitrator’s finding is confirmed rather than, challenged by the proof in this application.
There are many other objections which do not merit discussion. It might be pointed out that the objection to the impartiality of the arbitrator is a social question which must find its resolution either in legislation or the acts of the parties themselves. The arbitrator is the impartial chairman named in the agreement. He arbitrates all disputes that members of the association (practically synonymous with the industry), have with the union. As a consequence one of the parties before him, namely the union, is always the same. His continuation in office depends on their good will. It is not the same with the other party to the controversies. They only occasionally appear before him and they have neither the same interest nor the same influence on his appointment or retention in office. Just what degree of objectivity can be maintained under these circumstances is a problem for serious consideration.
Motions to vacate award and stay subsequent arbitration denied. Cross motion to confirm award granted.