In the Matter of the Arbitration between PETER KARPINECZ, Appellant, and ARTHUR A. MARSHALL, Respondent.—

In our opinion, the above issue constitutes a bona fide dispute which relates to the conduct of the corporate business and is embraced within the stockholders' agreement to arbitrate. "While it is true that whether or not a bona fide dispute exists is for the court (*Matter of Wenger & Co.* v. *Propper Silk Hosiery Mills*, 239 N. Y. 199), it is equally true that in a proceeding to compel arbitration the question for the court to pass upon is whether the written contract provides for arbitration and, if so, whether there was a failure to proceed with the obligation to arbitrate (*Matter of Kahn* [*Nat. City Bank*], 284 N. Y. 515). The question of performance goes to the merits and is a matter for the arbitrators whenever it appears that the parties have so consented (*Matter of Lipman* [*Haeuser Shellac Co.*], 289 N. Y. 76 * * *)" (*Matter of Potoker* [*Brooklyn Eagle*], 2 N Y 2d 553-559). We are also of the opinion that petitioner's attorney, by reason of that relationship standing alone, is not disqualified from being designated to serve as petitioner's arbitrator (*Matter of Lipschutz* [*Gutwirth*], 304 N. Y. 58, 63–64). Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur. [27 Misc 2d 122.]