**COMMONWEALTH COATINGS CORPORATION, Plaintiff, Appellant,**

v.

**CONTINENTAL CASUALTY COMPANY et al., Defendants, Appellees.**

No. 6857.

United States Court of Appeals
First Circuit.

Sept. 27, 1967.

See also, D.C., 214 F.Supp. 949.

Emanuel Harris, New York City, with whom Carlos A. Romero Barcelo, San Juan, P. R., Max E. Greenberg, New York City, and Segurola, Romero & Toledo, San Juan, P. R., were on the brief, for appellant.

Overton A. Currie, Atlanta, Ga., with whom Federico Ramirez-Ros, Santurce, P. R., Edward H. Wasson, Jr., Atlanta, Ga., Ramirez, Segal & Latimer, Santurce, P. R., and Smith, Currie & Hancock, Atlanta, Ga., were on the brief, for appellees.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

PER CURIAM.

This is an appeal by the losing party to an arbitration award in which he invokes the provisions of 9 U.S.C. § 10 (1964). The sole ground of the appeal is the failure of one Capacete, the impartial arbitrator selected by the other two, and of appellee Samford, the successful party, to disclose the past relationship between Capacete and Samford. Briefly, this relationship was as follows. Capacete was a majority owner of Foundation Engineering Company of Puerto Rico, a firm of very broad activities in the community and which, over a period of years, performed drilling operations for foundation investigations and conducted laboratory testing of construction materials for Samford. These services, performed by the firm under Capacete's general supervision, and to some extent requiring his direct intervention, were in several instances rendered with regard to the projects involved in the arbitration. Capacete also did some work for the architects on the projects. The payments received were a very small part of Capacete's income for the years involved, and none of the services related to matters in question in the arbitration, or was rendered during the proceedings. It is appellee's position that there was no duty to disclose, and that if appellant desired knowledge as to the existence of such past relationships it was incumbent upon him to inquire, citing Ilios Shipping & Trading Corp. v. American Anthracite & Bituminous Coal Corp., D.C.N.Y., 1957, 148 F. Supp. 698, aff'd, 2 Cir., 245 F.2d 873.

█ In our opinion there is a difficult line between what should, in good faith, be volunteered, and what may be left for inquiry. We may agree with appellant that where there is a disturbingly close relationship the very failure to

make disclosure could be evidence of partiality, and we think it would have been far better if there had been disclosure here. However, we cannot say that the relationship was sufficiently close to establish "evident partiality" within the statute as a matter of law. Cf. Milliken Woolens, Inc. v. Weber Knit Sportswear, Inc., 11 A.D.2d 166, 202 N.Y.S.2d 431, aff'd, 9 N.Y.2d 878, 216 N.Y.S.2d 696, 175 N.E.2d 826. As to appellant's companion contention, the court was well warranted in finding that there was no prejudice or bias in fact manifested in the course of the proceedings. Indeed, there was considerable evidence which negatived it.

Affirmed.