159 N.J. Super. 313 (1978)
387 A.2d 1246
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL UNION 560, AN UNINCORPORATED ASSOCIATION, PLAINTIFF,
v.
BERGEN-HUDSON ROOFING SUPPLY CO., A CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided April 24, 1978.
*315 Mr. Martin List for plaintiff (Messrs. Schneider, Cohen & Solomon, attorneys).
Mr. Richard H. Greenstein for defendant (Messrs. Fox & Fox, attorneys).
KENTZ, J.S.C.
Plaintiff, by order to show cause, seeks confirmation of an arbitration award made on September 25, 1977, and defendant, in opposition, urges that the award be set aside on the ground of the partiality of the arbitrator.
An arbitration award must be confirmed unless vacated or modified. N.J.S.A. 2A:24-7. The scope of judicial review of an arbitrator's award is extremely narrow, Harsen v. West Milford Bd. of Ed., 132 N.J. Super. 365, 371 (Law Div. 1975), and all presumptions are in favor of the award's validity, Hartwyk v. Monroe Calculating Machine Co., 13 N.J. Super. 160, 165 (Ch. Div. 1951).
Defendant asserts that the arbitrator was partial because he allegedly had been the general counsel to defendant corporation. Evident partiality of an arbitrator is a ground for vacation of an arbitration award. N.J.S.A. 2A:24-8(b); see West Jersey R. Co. v. Thomas, 21 N.J. Eq. 205, 209 (Ch. 1870); Richardson v. Lanning, 26 N.J.L. 130, 132 (Sup. Ct. 1856); McLean Piece Dye Works v. Verga, 13 N.J. Misc. 416, 471-418, 178 A. 625 (Cty. Cir. Ct. 1935). However, the party seeking to vacate an award on that ground has the burden of clearly proving partiality. See Central Union Stock Yards Co. v. Uvalde Asphalt Paving Co., 82 N.J. Eq. 246, 258 (Ch. 1913); Atkinson v. Townley, 1 N.J.L. 388, 388 (Sup. Ct. 1795).
An affidavit by Barnett Mitzman (Mitzman), the president of defendant corporation, sets forth that the arbitrator had been the general counsel of defendant corporation prior to the retention of the services of defendant's current attorney. The arbitrator's affidavit states that he was not defendant's general counsel but that he did handle two collection cases for defendant in 1954, both of which were submitted *316 on affidavits of proof rather than by court appearances. This was the only legal service rendered by him to defendant. The arbitrator does not recall ever meeting Mitzman prior to the arbitration hearing, and he had no feelings either in favor of or in opposition to defendant.
The fact that an arbitrator had been a party's attorney is not sufficient cause for disqualification of an arbitrator for that reason per se. Karpinecz v. Marshall, 14 A.D.2d 569, 218 N.Y.S.2d 88, 90 (App. Div. 1961); see Reed & Martin, Inc. v. Westinghouse Elec. Corp., 439 F.2d 1268, 1275 (2 Cir.1971) (fact that arbitrator's law firm had clients that had been involved in litigation of similar contract clauses did not provide cause for partiality). See also, Riccomini v. Pierucci, 54 Cal. App. 606, 202 P. 344, 345 (D. Ct. App. 1921) (arbitrator not to be disqualified where his attorney was also the attorney for one of the parties).
Under the facts presented here, I find that defendant has not sustained its burden of clearly proving the arbitrator's partiality.
Furthermore, it would appear that the defendant has in fact waived any objection he might have had to the arbitrator sitting as such in this matter. Waiver in an arbitration case consists of "knowledge, actual or constructive, in the complaining party of the tainted relationship or interest of the arbitrator." Milliken Woolens, Inc. v. Weber Knit Sportswear, Inc., 11 A.D.2d 166, 202 N.Y.S.2d 431, 434 (App. Div. 1960), motion den. 8 N.Y.2d 1025, 206 N.Y.S.2d 796 (Ct. App. 1960), motion den. 9 N.Y.2d 714, 214 N.Y.S.2d 332, 174 (Ct. App. 1961) N.E.2d 320, aff'd 9 N.Y.2d 878, 216 N.Y.S.2d 696, 175 N.E.2d 826 (Ct. App. 1961). Since Mitzman knew, actually or constructively, that the arbitrator had at one time represented defendant corporation, and since he failed to act upon that knowledge at the arbitration hearing, defendant is barred from now objecting on the ground of partiality. Central Union Stock Yards Co. v. Uvalde Asphalt Roofing Co., supra 82 N.J. Eq. at 260; Hartwyk v. Monroe Calculating *317 Machine Co., supra 13 N.J. Super. at 164-165; Baar & Beards, Inc. v. Oleg Cassini, Inc., 30 N.Y.2d 649, 331 N.Y.S.2d 670, 671, 282 N.E.2d 624, 625 (Ct. App. 1972) (court found party knowingly waived objection to arbitrator who for six years previously had had an attorney-client relationship with the other party).
Accordingly, defendant has not established sufficient cause for vacation of this arbitration award and pursuant to N.J.S.A. 2A:24-7, it is confirmed.